V CABLE, INC. and Cablevision Systems Corporation, Plaintiffs–Appellees,

v.

Lawrence BUDNICK, Defendant–Appellant.

No. 00–9377.

United States Court of Appeals, Second Circuit.

Dec. 3, 2001.

Edward M. Gould, Islip, NY, for appellant.

Daniel J. Lefkowitz, Jericho, NY, for appellees.

Present CARDAMONE, McLAUGHLIN, and POOLER, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Lawrence Budnick appeals a final decision and order of the Eastern District of New York (Mishler, *J.*). Appellees, V. Cable, Inc. and Cablevision (collectively, "Cablevision"), initially brought suit in 1998, alleging the appellant bought pirate cable television converters, or descramblers, in 1991 and resold them with intent and knowledge that they would permit the user to avoid payment of satellite cable television services, in violation of 47 U.S.C. §§ 553(a)(1) and 605(e)(4) and New York Public Service Law § 225(6). Cablevision subsequently severed its state law claim against Budnick, and a bench trial pro-

ceeded. The court found that Budnick engaged in conduct which violated § 605 and awarded Cablevision the statutory damages defined in § 605(e)(4), $500,000, along with attorney's fees and costs.

On appeal, Budnick asserts the following claims: 1) the trial court failed to dismiss the case against him as time-barred by incorrectly applying the statute of limitations to his case, 2) the trial court mistakenly admitted improperly authenticated documentary evidence against him, 3) the trial court erred in striking his motion for a jury trial, and 4) the statute under which he was found liable is an unconstitutional ex post facto law. Because the latter two claims are barred for failure to raise them below, *Mycak v. Honeywell, Inc.*, 953 F.2d 798, 803 (2d Cir.1992), we review only the statute of limitations and evidentiary arguments.

■ This court reviews the district court's determination of the appropriate statute of limitations *de novo. See Corcoran v. N.Y. Power Auth.*, 202 F.3d 530, 542 (2d Cir.1999), *cert. denied,* 529 U.S. 1109, 120 S.Ct. 1959, 146 L.Ed.2d 794 (2000). On appeal, both parties agree *arguendo* that the federal Communications Act under which this claim was brought contains no statute of limitations, and that the appropriate statute of limitations to be 'borrowed' from state law is found under New York C.P.L.R. § 214(2), which sets the time limit for bringing actions to recover a liability, penalty, or forfeiture imposed by statute at three years. However, appellant argues that Cablevision's claim against him is time barred because, according to New York state law, the claim accrued in 1991, seven years before Cablevision brought the present action. The district court ruled against appellant's motion on the grounds that 1) the complaint was based on information made available to Cablevision in 1996, well within the statute of limitations, and 2) appellant failed to

offer proof to sustain this affirmative defense. We agree. Appellant does not contend that Cablevision knew or had reason to know the basis for their action against him before 1996. Moreover, appellant fails to recognize in both his original motion and in this appeal the "general rule that *federal* rules of accrual apply even when we 'borrow' an analogous state statute of limitations." *Id.* at 544 (citing *Kronisch v. United States,* 150 F.3d 112, 123 (2d Cir. 1998)). Because under federal rules, "accrual may be postponed until the plaintiff has or with reasonable diligence should have discovered the critical facts of both his injury and its cause" when the "plaintiff would reasonably have had difficulty discerning the fact or cause of injury at the time it was inflicted," *id.* (quoting *Kronisch,* 150 F.3d at 121), the district court correctly found Cablevision's action to be timely.

■ Appellant also argues that the trial court impermissibly permitted Cablevision to submit unauthenticated documentary evidence into the record at trial. The evidence consisted of computer printouts of business sales records obtained via a search warrant of James Buglion's company J.E.S., Inc., during a 1994 Suffolk County Police investigation of illegal sales and distribution of cable descramblers and converter boxes. The computer-generated documents contained sales invoices of illegal cable boxes from J.E.S., Inc. to Budnick's home and business addresses in 1991. Appellant suggests that Buglion's computers, from which these records were obtained, cannot be authenticated due to a break in their chain of custody. After holding Buglion's computers, the Suffolk County Police sent them to an independent software company for analysis. Appellant's argument implies that, once they left police custody, the computers and any records obtained therefrom became corrupted

**66**

and, therefore, inadmissible under Rule 803(6) of the *Federal Rules of Evidence,* the business record hearsay exception.

This court reviews a district court's admission of evidence under Fed.R.Evid. 803(6) for abuse of discretion. *United States v. Reyes,* 157 F.3d 949, 951 (2d Cir.1998) (citing *Phoenix Assocs. III v. Stone,* 60 F.3d 95, 100 (2d Cir.1995)). We find no abuse of discretion. To support his claim, appellant relies heavily on Buglion's admission that the records taken from his seized computers bore some discrepancies in format to the records he typically generated at J.E.S., Inc. However, Buglion also testified that he recognized the records, that the same layout was used by J.E.S. in creating such records, that the records contained his own unique abbreviations, that they were consistent with records J.E.S. relied upon in the regular course of business, and that there was nothing about them which led him to believe they were inaccurate in any way. In addition, Buglion testified that the devices identified by the sales records would allow users to descramble cable television programming services, and that he recalled the customer indicated on the records as "Bud" of Holbrook, New York, who had purchased one hundred and fifteen (115) such devices from J.E.S. between August and December of 1991.

Appellant's argument as to the computer record's chain of custody failed to show how the district court may have abused its discretion in finding the documents sufficiently trustworthy to be admitted under Rule 803(6). Buglion was a qualified witness, and his testimony provided a reasonable basis for the court to determine that these were records typically kept by J.E.S., Inc. during the ordinary course of regular business. *See United States v. Freidin,* 849 F.2d 716, 719–720 (2d Cir. 1988). In light of this, and in the absence of any evidence of abuse of discretion by the district court, appellant's claim fails.